Bryan K. Weir (#310964)
   bryan@consovoymccarthy.com
Thomas R. McCarthy (admitted *pro hac vice*)
   tom@consovoymccarthy.com
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423

Patrick Strawbridge (admitted *pro hac vice*)
   patrick@consovoymccarthy.com
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, Massachusetts 02109
(617) 227-0548

Bradley A. Benbrook (#177786)
   brad@benbrooklawgroup.com
BENBROOK LAW GROUP PC
701 University Avenue, Suite 106
Sacramento, CA 95825
(916) 447-4900

*Counsel for Petitioner*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| VALERIA HERMOSILLO CHAVEZ, ERIK ESPARZA, JAMAR SMITH, ANTHONY SIMONEAU, and 7,267 OTHER INDIVIDUALS,<br><br>Petitioners,<br><br>v.<br><br>UBER USA, LLC; and UBER TECHNOLOGIES, INC.,<br><br>Respondents. | Case Number: 3:21-cv-09577<br><br>**SECOND DECLARATION OF BRYAN WEIR IN SUPPORT OF PETITIONERS' OPPOSITION TO RESPONDENTS' MOTION TO DISMISS AND REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION** |

I, Bryan Weir, declare based on personal knowledge as follows:

1. I am an attorney at Consovoy McCarthy PLLC, which represents Petitioner in this matter, and which also represents more than 30,000 similarly situated consumers ("Claimants") in proceedings before the American Arbitration Association ("AAA").

2. I have personal knowledge of the facts stated herein, and if called upon as a witness, I could and would testify competently thereto.

3. This declaration is submitted in support of Petitioners' Opposition to Respondents' Motion to Dismiss and Reply in Support of Motion to Compel Arbitration, to Stay Parallel Proceedings, and for Other Relief.

4. In the pending arbitrations, Petitioners have asserted claims under 42 U.S.C. §1981 and seeking injunctive relief. A true and correct copy of the demand of Valeria Hermosillo Chavez, reflecting such demand, is attached as Exhibit A.

5. A true and correct copy of an order receipt that Ms. Chavez provided to Consovoy McCarthy reflecting orders from her UberEats account is attached as Exhibit B.

6. A true and correct copy of an order receipt that Jamar Smith provided to Consovoy McCarthy reflecting orders from his UberEats account is attached as Exhibit C.

7. In hundreds of individual consumer arbitrations pending before AAA on behalf of consumers alleging claims similar to those asserted by Petitioners, Uber has asserted counterclaims against individuals. Among other things, these counterclaims seek a return of filing fees paid by Uber in each arbitration.

8. Of the handful of arbitrations to be completed so far, more than a dozen consumers asserting claims similar to Petitioners have recovered more than $140,000 total in awards. At least three Claimants have succeeded on the merits of their claims under 42 U.S.C. §1981, and the arbitrator for four other Claimants indicated that they would have succeeded on their §1981 claim if the recovery was not duplicative of their claim under California's Unruh Civil Rights Act ("Unruh"), Cal. Civ. Code §§51-52.

9. No arbitrator has found for Uber on its counterclaims.

10. Uber typically retrieves Claimants' account records using their email addresses and phone numbers. On numerous occasions in the pending arbitrations, Uber has initially informed Consovoy McCarthy that the email address and phone number provided by Claimants to Uber did not return any account records, only to later confirm that individual did have an account once alternative email addresses and phone numbers were provided or errors in Uber's search process were corrected.

11. In my experience in speaking to consumers about their individual arbitrations, it is not uncommon for consumers to use multiple email addresses and phone numbers, to switch accounts, to occasionally lose access to their UberEats accounts, or to forget which account they used at a particular point in time. Not all consumers are able to easily review and screen-shot the history of the accounts to which they do have access.

12. To address that concern, Claimants have also requested Uber search for accounts using other information provided by Claimants, such as home address, but Uber has to date refused to conduct additional searches.

13. Attached as Exhibit D is a true and correct copy of the Appellee's Brief filed in Uber's New York lawsuit against AAA.

I declare that the foregoing is true and correct under penalty of perjury under the laws of the United States of America.

Executed on February 14, 2022.

/s/ Bryan K. Weir
Bryan K. Weir

DECLARATION OF BRYAN WEIR
CASE NO: 3:21-cv-09577